THE STATE OF OHIO *v.* DANCER.

(No. 89-CRB-11001—Decided November 30, 1989.)

Hamilton County Municipal Court.

*Frank H. Prouty, Jr.,* for plaintiff.
*Robert L. Liebman,* for defendant.

MARK P. PAINTER, J. This case comes before the court for decision on defendant's motion to suppress. On April 24, 1989, at about 12:30 a.m., the defendant, JoAnn Dancer, was sitting at the bar at a liquor establishment known as The Satisfyin' Place, in the inner-city area of Cincinnati. The facts of what transpired are generally not in dispute, but for purposes of ruling on this motion the court finds the following as facts.

The defendant had been sitting at the bar, with a drink in front of her, for about thirty minutes when Cincinnati police officers arrived. The officers told everyone to keep their positions and not to move. The officers then began to search patrons seated at the bar. Some patrons were arrested for various offenses, but there is no allegation that defendant even knew them or was doing anything other than sitting at the bar. The establishment in question has been the site of previous drug arrests, again not involving the defendant.

The police asked Dancer for her identification and then requested that she empty her purse. After she emptied her purse, the officers observed a container which had several pills in it. In the container was a pill which was phentermine hydrochloride. At that point Dancer was arrested for possession of a Schedule IV controlled substance. The defense stipulated, for purposes of this hearing, that the substance was a controlled substance.

Defendant alleges that the seizure and search herein violated her rights under the Fourth Amendment to the United States Constitution, and its identical progeny, Section 14, Article I of the Ohio Constitution.

There is no doubt that when the defendant was requested to produce identification there was no allegation that she was then and there violating any law. Defendant was obviously of sufficient age to consume alcoholic beverages; the court finds that she is over thirty-five years of age. A seizure occurs, and is subject to Fourth Amendment scrutiny, when a police officer has by physical force or show of authority in some way restrained the liberty of a citizen. *Sibron* v. *New York* (1968), 392 U.S. 40; *United States* v. *Mendenhall* (1980), 446 U.S. 544, 553. Was the defendant, at the time she was asked for identification, free to leave? The only legal answer is no. She was not only asked for identification, but ordered to "dump out" her purse. Certainly this is a seizure.

In *Brown* v. *Texas* (1979), 443 U.S. 47, the United States Supreme Court held that detaining a person and requiring him to identify himself constitutes a seizure of that person subject to the Fourth Amendment requirement that the seizure be reasonable. The court held that seizures of the person must be based on specific, objective facts indicating that society's legitimate interest requires such action. *Brown, supra,* at 51.

The *Brown* decision is of particular interest as the facts in that case are remarkably similar to those in the case *sub judice.* Brown was observed walking away from another man in an alley located in an area of high drug traffic.

Two police officers stopped him, requested identification and arrested him for refusing, under a Texas statute which makes it a crime to refuse to give one's name and address to an officer who requests information. One of the officers testified that he stopped Brown because the situation looked suspicious and the officers had never seen him in that area before. The officers did not suspect the defendant of any specific misconduct, nor did they have any reason to suspect that he was armed. A unanimous Supreme Court held that in the absence of any basis for suspecting a defendant of misconduct, the balance between the public interest in crime prevention and the defendant's right to personal security and privacy tilts in favor of freedom from police interference.

As the Supreme Court stated in *Terry* v. *Ohio* (1968), 392 U.S. 1, 21, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." The Supreme Court has also stated that simple good faith on the part of the arresting officer is not enough. "* * * If subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, papers, and effects,' only in the discretion of the police." *Beck* v. *Ohio* (1964), 379 U.S. 89, 97.

The Ohio Supreme Court has adopted the rationale of *Terry* and *Brown* in *State* v. *Chatton* (1984), 11 Ohio St. 3d 59, 61, 11 OBR 250, 251, 463 N.E. 2d 1237, 1239, wherein it stated: "[I]t is firmly established that the detention of an individual by a law enforcement officer must, at the very least, be justified by 'specific and articulable facts' indicating that the detention was reasonable." (Citing *Terry* and *Brown, supra.*)

The seizure of defendant for the purpose of requiring the production of identification must fail Fourth Amendment scrutiny. Likewise, the search of defendant's purse can have no constitutional justification. The record is utterly devoid of even a scintilla of reasonable suspicion, or "specific and articulable facts" tending to suggest that the defendant was participating in any illegal behavior, or was in any way a threat to anyone.

Defendant was simply sitting at a bar, drinking a drink, perhaps in a "high crime and high drug area."

If the search of this defendant in this case be upheld, then the Fourth Amendment is meaningless in "high crime" and/or "high drug" areas. Do persons living, by choice or more likely by duress of circumstances, in a "high crime" area give up their constitutional rights, while those persons living in fancy suburbs or drinking at the country club bar are protected?

For all the foregoing reasons defendant's motion to suppress is granted.

*Motion granted.*